UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WENDELL KEITH CAUSEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HENDERSON POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. 2:23-cv-00421-RFB-EJY<br><br>**ORDER and<br>REPORT AND RECOMMENDATION**<br>Re:　ECF No. 1-1<br>**Plaintiff's Complaint** |

　　　This matter is before the Court for screening of Plaintiff's application to proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos.1, 1-1. Plaintiff's IFP is complete and demonstrates an inability to pay filing fees. Thus, the Court grants Plaintiff's IFP status.

**I.　SCREENING THE COMPLAINT**

　　　Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

　　　In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act, a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915

when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than [mere] conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on

fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     DISCUSSION

Plaintiff's Complaint offers a slim set of facts suggesting a judge ordered Plaintiff to change into an orange jumpsuit, which included taking off a belt. ECF No. 1-1 at 4. This appears to have led to a jail guard alleging Plaintiff almost hit him followed by the jailer breaking Plaintiff's rib. *Id*. Plaintiff sues the Henderson Police Department ("HPD") alleging excessive force. *Id*. at 3.

To state a claim under 42 U.S.C. § 1983 against the HPD, Plaintiff must allege a constitutional violation arising out of an official department policy, practice, or custom. *Monell v. Department of Social Services of N.Y.*, 436 U.S. 658, 690 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Clouthier*, 591 F.3d at 1249 (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring)). "Second, under certain circumstances, a local government may be held liable under § 1983 for acts of omission, when such omissions amount to the local government's own official policy." *Id.* "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

A single act by a non-policymaking official does not show the existence of a policy, custom, or practice. *Rivera v. County of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014). A municipal defendant may not be sued solely because an injury was inflicted by one of its employees or agents. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). "Only if a plaintiff shows that his injury resulted from a 'permanent and well settled' practice may liability attach for injury resulting from a local government custom." *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000) (citation omitted). The *Iqbal/Twombly* pleading standard applies to *Monell* claims. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

Here, Plaintiff's claims against the HPD alleges a single jailer used excessive force and broke his rib. While the Court does not condone such conduct, if it occurred as Plaintiff alleges, this allegation does not state a claim based upon an official policy, whether explicit or implicit, against HPD. There are no facts alleged demonstrating the actions of the unnamed jailer were based on a well settled policy, custom or practice adopted by the HPD. Plaintiff fails to plead the jailer alleged to have committed the constitutional tort was an official with final policy-making authority or that any such official ratified the jailer's alleged unconstitutional actions.

Plaintiff also does not state an excessive force claim against the unnamed jailer. To state an Eighth Amendment claim for excessive force against the individual jailer, Plaintiff must allege the defendant acted maliciously and sadistically for the very purpose of causing him harm, rather than to preserve order and discipline within the prison. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). When evaluating such a claim, the Court considers: (1) the need for the use of force; (2) the relationship between the need for force and the amount used; (3) the extent of injury inflicted; (4) the extent of the threat the officers reasonably perceived the plaintiff to pose to staff and inmate safety; and (5) any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7; *Wilkins v. Ramirez*, 455 F.Supp.2d 1080, 1090 (S.D. Cal. 2006). Here, Plaintiff's single sentence allegation does not establish the jailer acted maliciously and sadistically for the purpose of causing Plaintiff harm.

### III.   ORDER

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* is GRANTED.

### IV.   RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's claim against the Henderson Police Department under *Monell* be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff be given **one** opportunity to file an amended complaint that either pleads a claim against the Henderson Police Department that includes facts sufficient to state the conduct of the jailer was acting pursuant to an unconstitutional official policy adopted by the Department **or** states an excessive force claim against the jailer. If Plaintiff

4

seeks to amend his Complaint he must file his amended complaint no later than **April 28, 2023**. The amended complaint must be complete in and of itself.  This means all facts supporting all claims **must** be contained in the amended complaint.  The Court cannot look back to Plaintiff's original Complaint for any purposes because, upon filing the amended complaint, Plaintiff's original Complaint is nullified.

IT IS FURTHER RECOMMENDED that if Plaintiff does not file an amended complaint on or before April 28, 2023, this matter be dismissed without prejudice.

DATED this 21st day of March, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).